CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 15, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TENZIN SAMPHEL, et al.,              )
    Plaintiffs,                        )
                                       )
v.                                   )    Civil Action No. 7:25-cv-00710
                                       )
LILY QIAORONG WU, et al.,            )    By:  Elizabeth K. Dillon
    Defendants.                        )         Chief United States District Judge

## MEMORANDUM OPINION

Plaintiffs Tenzin Samphel ("Samphel"), Xiaoyu Gu ("Alice"), Chef Creative Offices, Inc. ("CCO"), and Design Next Agency, Inc. ("DNA"), bring this action against defendants Lily Qiaorong Wu ("Wu"), Shuxian Yu ("Yu"), Shuaicheng Zhang ("Zhang"), Moge Tee Blacksburg, LLC ("Moge Tee"), and Blacksburg Fusion Restaurants, LLC ("BFR"), alleging multiple claims arising out of allegations that defendants conspired to defame plaintiffs and unlawfully used plaintiffs' copyrighted architectural and interior designs without permission or providing full payment.  Plaintiffs assert five claims in total, but only two are at issue in the pending motion to dismiss.  (Dkt. No. 16.)  Moge Tee has moved to dismiss Count IV, which alleges copyright infringement, and BFR has moved to dismiss Count V, which, likewise, alleges copyright infringement.  The motion has been fully briefed and argued.  For the following reasons, the court will grant defendants' motion to dismiss as to both copyright infringement claims.

## I.  BACKGROUND

Samphel and Alice, husband and wife, are business partners who work in the field of visual and interior design, architecture, engineering, and construction.  CCO and DNA are two of the businesses they operate.  (Compl. ¶¶ 24–25, Dkt. No. 1.)  In December 2022, CCO entered into two separate engineering, procurement, and construction services agreements: one with

Moge Tee for the design and construction of a bubble tea shop, and one with BFR for the design and construction of a restaurant known as Junzi Kitchen.  (*Id.* ¶¶ 29–30.)  Defendant Yu owns BFR and, along with defendants Wu and Zhang, owns Moge Tee.  (*Id.* ¶ 2.)  CCO completed approximately 80% of the required work under both contracts, including architectural, interior, electrical, plumbing, and construction services.  (*Id.* ¶ 31.)  Despite this substantial performance, Moge Tee and BFR allegedly terminated their contracts without justification and hired other contractors to complete the projects.  (*Id.* ¶ 32.)

Following the breakdown of the business relationships, plaintiffs contend that Wu, Yu, Zhang, and Moge Tee conspired to damage plaintiffs' professional reputations.  As alleged, they did so by having Wu publish an anonymous post on RedNote (a Chinese e-commerce platform widely relied upon by plaintiffs' prospective clients) falsely accusing plaintiffs of operating a scam business, fabricating credentials, stealing designs, defrauding clients, and engaging in widespread misconduct across multiple states.  (*Id.* ¶¶ 33–36.)  On October 20, 2024, Wu followed through on the plot, posting a lengthy critical review of CCO and DNA.  (*Id.* ¶¶ 37–40.)  Yu and Zhang then amplified the post by sharing it publicly on RedNote and in WeChat messaging groups.  (*Id.* ¶ 41.)

Since the filing of this action, the post and its accompanying shared posts have been deleted by Wu, Yu, and Zhang.  (Compl. ¶ 42.)  However, Wu and Zhang allegedly continued repeating the same defamatory accusations directly to plaintiffs' contractors, as well as current and former clients, while also encouraging those individuals to pursue a class action lawsuit against plaintiffs.  (*Id.* ¶¶ 43–44.)  Based on these events, plaintiffs assert claims for defamation, common law conspiracy, and statutory business conspiracy under Virginia law against Wu, Yu,

2

Zhang, and Moge Tee. These claims are not at issue in the pending motion to dismiss before the court.

The claims at issue are CCO's copyright infringement claims against Moge Tee and BFR. CCO alleges that during the contractual relationship, it created original design works for both the Moge Tee bubble tea shop and BFR's restaurant, the Junzi Kitchen. (Compl. ¶¶ 49–51.) Plaintiffs contend that under the contracts, CCO retained its copyright interests unless and until the projects were fully completed and fully paid for—conditions that were never met. Nevertheless, Moge Tee and BFR allegedly used and reproduced designs that are nearly identical or substantially similar to CCO's copyrighted works without authorization. (*Id.* ¶¶ 53–56.) Both sets of designs are registered with the United States Copyright Office as "Visual Material" 2-D artwork. (*Id.* ¶¶ 57–58; Moge Tee Copyright, Dkt. No. 1-8; BFR's Junzi Kitchen Copyright, Dkt. No. 1-9.)

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

3

In determining whether the plaintiff has met this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and any documents incorporated into or attached to it. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, it must "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

## III.  DISCUSSION

In their motion to dismiss, Moge Tee and BLR argue that CCO's copyright infringement claims fail as a matter of law. (Dkt. No. 17 at 3.) The parties do not dispute that CCO owns two registered copyrights covering its drawings for Moge Tee and BLR's Junzi Kitchen. Rather, the dispute centers on the scope of the protection those copyrights provide. Accordingly, the court must first determine the nature and extent of the copyright protection afforded by those registrations. It must then decide whether CCO has plausibly alleged that Moge Tee and BLR infringed on those copyrights. The court addresses these issues in turn.

### A.  Nature and Scope of Copyrights

CCO acknowledges that its registered copyrights are for "pictorial, graphic and sculptural works" protected under 17 U.S.C. §§ 101 and 102(a)(5). (Dkt. No. 23 at 9; Compl. ¶¶ 73, 79.) Moge Tee and BFR do not dispute this. Rather, they contend that CCO's registrations protect only the two-dimensional drawings themselves because they were not registered as either "architectural works" or "technical drawings." As such, they argue, CCO cannot state an infringement claim based on their construction or operation of their restaurants.

4

CCO disagrees, arguing that its complaint adequately alleges copyright infringement. Specifically, it contends that the complaint:

> alleges CCO owns registered copyrights in the Designs, and it alleges Defendants unlawfully copied the Designs by operating a bubble tea shop and restaurant that implement interior designs that are substantially similar to the Moge Tee Designs and the Junzi Kitchen Designs, respectively.

(Dkt. No. 23 at 8.)  Resolution of the parties' dispute therefore requires the court to examine the scope of protection afforded to "pictorial, graphic and sculptural works" under the Copyright Act.

The Copyright Act defines "pictorial, graphic, and sculptural works" as follows:

> **"**Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and **technical drawings**, **including architectural plans**. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101 (emphasis added).  Thus, the statutory definition expressly includes architectural plans and technical drawings within the broader category of "pictorial, graphic, and sculptural works."  The Copyright Act separately defines an "architectural work" as follows:

> An "architectural work" is the design of a building as embodied in any tangible medium of expression, including a building, **architectural plans, or drawings**. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design but does not include individual standard features.

17 U.S.C. § 101 (emphasis added).  Likewise, the applicable regulation provides that "[i]n general, an original design of a building embodied in any tangible medium of expression,

5

including a building, architectural plans, or drawings, *may* be registered as an architectural

work."  37 C.F.R. § 202.11(c)(1) (emphasis added).

Although both categories may encompass architectural drawings, an architectural work

and a technical drawing depicting that work are legally distinct and may receive separate

copyright protection.  As the First Circuit has explained:

> [T]he holder of a copyright in an architectural plan . . . has two forms
> of protection, one under the provision for an "architectural work"
> under 17 U.S.C. § 102(a)(8), and another under the provision for a
> "pictorial, graphical, or sculptural work" under 17 U.S.C.
> § 102(a)(5). The legislative history confirms this point. *See*
> H.R.Rep. No. 101–735, reprinted in 1990 U.S.C.C.A.N. at 6950
> ("An individual creating an architectural work by depicting that
> work in plans or drawing will have two separate copyrights, one in
> the architectural work (section 102(a)(8)), the other in the plans or
> drawings (section 102(a)(5)).").

*T-Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 109–10 (1st Cir. 2006).

Consistent with this distinction, courts have repeatedly recognized that the scope of

protection differs depending on the type of copyright asserted.  Unlike an "architectural work"

copyright, a "pictorial, graphical, or sculptural" copyright protects only the drawings themselves

and not the construction of the structure depicted in those drawings.  As the Eleventh Circuit

explained, "unlike an architectural work copyright, a [pictorial, graphical, or sculptural]

copyright does not protect against the construction of a building based on copyrighted

architectural plans; it only prohibits copying of the plans themselves."  *Oravec v. Sunny Isles*

*Luxury Ventures, L.C.*, 527 F.3d 1218, 1228 (11th Cir. 2008); *see also Dream Custom Homes,*

*Inc. v. Mod. Day Const., Inc.*, 773 F. Supp. 2d 1288, 1300 (M.D. Fla. 2011), *aff'd*, 476 F. App'x

190 (11th Cir. 2012) ("A [pictorial, graphical, or sculptural] copyright does not protect against

the construction of a building based on copyrighted plans, but prohibits only the copying of the

plans themselves.").

6

This distinction stems from Congress's enactment of the Architectural Works Copyright

Protection Act ("AWCPA").  As one district court in the Fourth Circuit summarized:

> In 1990, Congress added the architectural works category of protection through enactment of the Architectural Works Copyright Protection Act ("AWCPA"). The AWCPA was designed to bring the United States into compliance with the Berne Convention, which requires protection for physical "works of . . . architecture" as opposed to "illustrations, maps, plans, sketches, and three-dimensional works relative to . . . architecture." *Berne Convention for the Protection of Literary and Artistic Works*, Sept. 9, 1886*, as last revised* July 24, 1971 *and amended* Sept. 28, 1979, S. Treaty Doc. No. 99–27, 1161 U.N.T.S. 30. The "primary effect" of the AWCPA was "to provide copyright protection to physical architectural works" depicted in architectural plans, in addition to protection of the plans' two-dimensional form. *See Nat'l Med. Care, Inc. v. Espiritu*, 284 F. Supp. 2d 424, 434 (S.D.W. Va. 2003).
>
> Prior to the AWCPA, authors of architectural plans appeared to register their works, if at all, under the "pictorial, graphic, and sculptural works" category in 17 U.S.C. § 102(a)(5). *Cf. Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 278 (6th Cir. 1988). The AWCPA's amendments to the Copyright Act did not, however, alter the "[p]rotection for architectural plans, drawings, and models as pictorial, graphic, or sculptural works under section 102(a)(5)." H.R. Rep. No. 101-735, reprinted in 1990 U.S.C.C.A.N. at 6950. The protections afforded to architectural works are therefore greater than those attendant to pictorial, graphic, or sculptural works with respect to copyright protection of physical structures depicted in two-dimensional plans. *See Espiritu*, 284 F. Supp. 2d at 435 ("Copyright protection only extends to as-built structures when the copyright is registered under the AWCPA."). In addition, to grant the holder of a technical drawing copyright the exclusive right to build the structure or feature depicted in drawings would be to elevate the copyright to a patent. *See Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753 F. Supp. 2d 753, 759 (N.D. Ind. 2010); *Nino Homes*, 858 F.2d at 278.

*Earthworks Grp., Inc. v. A&K Props. of S.C., Inc.*, No. 4:17-CV-01486-SAL, 2020 WL 1703897

at *6 (D.S.C. Apr. 8, 2020).

The statutory framework and persuasive authority therefore establish that architectural

drawings may only receive protection under § 102(a)(5) and § 102(a)(8) when the copyright

7

holder secures registration under both categories.  A copyright registered solely as a pictorial, graphic, or sculptural work does not extend to the construction or use of the building or interior space depicted in the drawings; rather, it protects only against unauthorized copying of the drawings themselves.

With that framework in mind, the court turns to whether CCO has plausibly alleged that Moge Tee and BLR infringed the "pictorial, graphical, or sculptural" copyrights it holds in its Moge Tee and BLR drawings.

## B.  Whether CCO Has Plausibly Alleged Copyright Infringement

"To establish a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., a plaintiff must prove that it possesses a valid copyright and that the defendant copied elements of its work that are original and protectable." *Copeland v. Bieber*, 789 F.3d 484, 488 (4th Cir. 2015) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

As noted above, the parties do not dispute the validity of CCO's registered copyrights. Rather, the issue is whether CCO has plausibly alleged that Moge Tee and BLR copied protected elements of those copyrights.

CCO alleges that Moge Tee and BLR have "unlawfully copied—and [are] still unlawfully copying—the [] Designs."  (Compl. ¶¶ 75, 81.)  More specifically, CCO contends that "both Moge Tee and BFR have made use of and reproduced the Moge Tee Designs and Junzi Kitchen Designs, respectively, without making full payment under their respective contracts and, consequently, without CCO's permission."  (*Id.* ¶ 55.)  Exhibits attached to the complaint include side-by-side comparisons of CCO's original designs and photographs of Moge Tee and BLR's Junzi Kitchen locations as constructed.  (*Compare*, *e.g.*, Dkt. No. 1-4, with Dkt.

8

No. 1-6; *compare also*, *e.g.*, Dkt. No. 1-5, with Dkt. No. 1-7.)  In its response to the motion to dismiss, CCO further clarifies its theory of infringement, asserting that Moge Tee and BLR "unlawfully copied the Designs by operating a bubble tea shop and restaurant that implement interior designs that are substantially similar to the Moge Tee Designs and the Junzi Kitchen Designs."  (Dkt. No. 23 at 8.)

As discussed above, a copyright registered solely as a pictorial, graphic, or sculptural work does not extend to the construction or use of the building or interior space depicted in the drawings; rather, it protects only against unauthorized copying of the drawings themselves.  *See*, *e.g.*, *Oravec*, 527 F.3d at 1228 n.8 (collecting cases); *Espiritu*, 284 F. Supp. 2d at 435 ("[A]n as-built structure or feature cannot be an infringing copy of a technical drawing."); *Dream Custom Homes, Inc.*, 773 F. Supp. 2d at 1300, *aff'd*, 476 F. App'x 190.

Accepting the complaint's factual allegations as true, as the court must at this stage, CCO has not plausibly alleged an infringement of its registered copyrights.  Although CCO alleges that Moge Tee and BLR used its designs to construct and operate restaurants with substantially similar interiors, those allegations concern the implementation of the designs in physical spaces—not the unauthorized copying of the copyrighted drawings themselves.  Because CCO's registrations as "pictorial, graphical, or sculptural works" protect only the drawings, and not the resulting interior spaces, the conduct alleged falls outside the scope of the copyright protection afforded by those registrations.

Accordingly, CCO has failed to plausibly allege copyright infringement, and its copyright infringement claims will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the court will grant Moge Tee and BLR's motion to dismiss

CCO's copyright infringement claims without prejudice.  Because the copyright infringement claim is the only claim asserted against BLR, BLR will be dismissed from this action.  The case will proceed on CCO's remaining claims for defamation, common law conspiracy, and statutory business conspiracy under Virginia Code § 18.2-499(A) against the remaining defendants.

A separate order will issue.

Entered: July 15, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge